IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CLIFTON DEEDS, | * |
| Petitioner, | * |
| vs. | * CRIMINAL NO. 08-00343-CG-B-1 |
| | * CIVIL ACTION NO. 14-0572-CG-B |
| UNITED STATES OF AMERICA, | * |
| Respondent. | * |

### REPORT AND RECOMMENDATION

Pending before the Court is Petitioner Clifton Deeds' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, and the Government's Motion to Dismiss. (Docs. 45, 49). This action has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration. Deeds has not responded to the Government's motion; thus, it is treated as unopposed.

The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for Dep't of Corr., 377 F. 3d 1317 (11th Cir. 2004). Following a complete review of this action, the undersigned recommends that the Government's motion be **GRANTED**, and that Deeds' habeas petition be **DISMISSED**. The undersigned further recommends that in the event Deeds files a

certificate of appealability, and seeks to appeal *in forma pauperis,* said requests should be **DENIED**.

## I. Procedural History

In October 2008, Deeds was charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of knowingly possessing a stolen firearm. (Doc. 1). Christopher Knight was appointed to represent Deeds, and on December 9, 2008, Deeds, through counsel, filed a Notice of Intent to Plead Guilty. (Docs. 7, 15). At the plea hearing conducted on December 16, 2008, Deeds entered a plea of guilty to count one of the indictment. (Doc. 20). Deeds was sentenced to 48 months incarceration on Count One, to be followed by three (3) years of supervised release. (Doc. 27). Count Two of the indictment was dismissed pursuant to a motion by the Government. (Id.).

Deeds' supervised release commenced on June 15, 2002, and a petition for alleging violations of his supervised release was filed on October 24, 2012. (Doc. 29). An amended petition was filed on November 6, 2012. (Doc. 31). Deeds was appointed counsel, and subsequent thereto, he waived his preliminary hearing and his right to a revocation hearing. (Docs. 36, 38, 39, 41).

Deeds appeared before the Court on February 6, 2013, and was sentenced to twenty-one (21) months imprisonment followed by

fifteen (15) months of supervised release. (Doc. 42). Judgment was entered on February 7, 2013. (Id.). Deeds filed a Request for a Nunc Pro Tunc Order/Motion to Amend on April 29, 2013. (Doc. 43). His request, that his federal sentence be made to run concurrent with his state sentence, was denied by the Court on April 30, 2013. (Doc. 44).

Deeds filed the instant petition on November 28, 2014.[1] (Doc. 45). In his petition, Deeds claims ineffective assistance of counsel, erroneous application of his term of supervised release, and his counsel's failure to file a timely notice of appeal. (Doc. 45). On February 10, 2015, the Government filed a motion seeking to dismiss Deeds' petition as untimely. (Doc. 49). Although afforded an opportunity to respond to the Government's motion, Deeds has not done so; thus, the Government's motion is treated as unopposed.

---

[1] Although Deeds' petition was received by the clerk's office on December 8, 2014, he asserts that he gave the petition to prison officials for mailing on November 28, 2014. (Doc. 45 at 12). Under the "prison mailbox rule," a pro se prisoner's section 2255 motion is deemed filed on the date the prisoner delivers the motion to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). "Absent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date that he signed it." Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014); see also Washington, 243 F.3d at 1301 (accepting the signature date on the pleading as the date of delivery to prison authorities where the government "offered no evidence to support a conclusion that the motion was delivered at a later date.").

**II.  Analysis**

Section 28 U.S.C. § 2255(f), which amended the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f).

The only section that is arguably applicable to Deeds' case is section (1), which calculates the timeliness of the petition from the date the judgment of conviction became final. In this case, the Court entered judgment revoking Deeds' supervised release on February 7, 2013. (Doc. 42). Because Deeds did not seek further review by the Eleventh Circuit, his judgment became final fourteen (14) days from the date of the Southern District

4

of Alabama's judgment. Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000)(in a § 2255 action where no appeal is filed, the judgment becomes final when the time for filing an appeal expires). Accordingly, Deeds had until February 21, 2014 to timely file his § 2255 petition. See Fed. R. App. P. 4(b)(1)(A)(i)("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed…").[2] However, Deeds did not file the instant petition petition until November 24, 2014. (Doc. 45).  Thus, Deeds' petition is due to be dismissed unless he can demonstrate that he is entitled to equitable tolling.

Equitable tolling applies to the statute of limitations set forth in 28 U.S.C. § 2255(f). Sandvik v. United States, 177 F.3d 1269, 1271 (llth Cir. 1999); see also Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (holding similar statute of limitations in 28 U.S.C. § 2244(d) is subject

---

[2] Any argument that the failure by Deeds' counsel to file an appeal should be considered in determining the timeliness of this petition would be futile, as a § 2255 motion based on counsel's failure to file a requested direct appeal is only considered timely under § 2254(f)(4) if the Petitioner files within one year of the discovery, through the exercise of due diligence, that counsel did not file the requested appeal. Long v. United States, 626 F.3d 1167, 1169 (11th Cir. 2010). In order for this petition to be timely under § 2254(f)(4), Deems would have to show that, despite due diligence, he was unaware of counsel's failure to file an appeal until November 2013. Deeds does not assert let alone offer any evidence establishing delayed knowledge despite diligence on his part.

to equitable tolling). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (internal quotation marks omitted); see also Sandvik, 177 F.3d at 1271. The diligence required is "reasonable diligence," not "maximum feasible diligence," see Holland, 560 U.S. at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011).

Deed does not make any mention of equitable tolling in his petition, nor does he assert the existence of extraordinary circumstances that might meet the standard of equitable tolling. Because the Government has asserted the defense of statute of limitations and Deeds has failed to meet his burden of establishing extraordinary circumstances, justifying the equitable tolling of the AEDPA's limitations period, the undersigned recommends that Deeds' federal habeas petition be dismissed as time-barred.

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of

6

appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration

7

that, under Barefoot v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Deeds' petition does not warrant the issuance of a Certificate of Appealability as his petition is clearly time-barred, and he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Deeds should be allowed to proceed further. Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Deeds' petition should be dismissed. As a result, Deeds is not

8

entitled to a certificate of appealability, and consequently, he should not be permitted to proceed *in forma pauperis* on appeal.

## IV. CONCLUSION

For the foregoing reasons, it is recommended that Respondent's Motion to Dismiss be **GRANTED** (Doc. 45), that Deeds' Motion to Vacate, Set Aside, or Correct Sentence (Doc. 49) be **DISMISSED** as time-barred, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Clifton Deeds. The undersigned Magistrate Judge further opines that Deeds is not entitled to issuance of a Certificate of Appealability, and as a result, he should not be permitted to appeal *in forma pauperis*.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72(c)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely

9

incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **19th** day of **July, 2017.**

                                        **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**